IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(Western Division)

| | |
|---|---|
| **MARGIE J. PHELPS, et al.,**<br><br>Petitioners,<br><br>vs.<br><br>**RED OAK POLICE CHIEF DRUE POWERS, et al.,**<br><br>Respondents,<br><br>and<br><br>**STATE OF IOWA,**<br><br>Intervener. | **DOCKET NO. 1:13-cv-00011**<br><br>**INTERVENER'S RESPONSE TO PETITIONERS' REQUEST FOR ATTORNEY FEES & EXPENSES** |

  **COMES NOW** the State of Iowa, and for its response to Petitioners' Request for Attorney Fees and Expenses respectfully states:

  1. Following partial grant of their Motion for Summary Judgment, Petitioners filed a Request for Attorney Fees and Expenses pursuant to 42 U.S.C. section 1988.

  2. While the recovery of attorney fees are permitted under 42 U.S.C. section 1988(b) to the prevailing party, they are not mandatory and remain soundly within the presiding judge's discretion.

  3. The State acknowledges that attorney fees are generally recoverable from a losing intervener. Those fees, however, should be commiserate with the respective actions of the parties. Here, the only action attributed to the State is the existence of the challenged statues— Iowa's Flag Discretion and Flag Misuse statutes. No State official was alleged to have enforced or attempted to enforce either of these statutes against the Petitioners or anyone else.

4. Because the State's action was limited, its potential liability for attorney fees should also be limited—limited to that portion of the litigation challenging the constitutionality of the statutes.  Review of Petitioners Work Performed contains significant billing for time spent on Petitioners' failed attempt to certify a Petitioners' and Defendants' class and responding to counterclaims made by former Defendant O'Donnell.  Holding the State liable for Petitioners' unique attempt to bring a dual class claim, especially where it did not participate in either the certification or resistance would be inequitable.  Likewise, holding the State liable for time spent responding to and negotiating with a defendant, later voluntarily dismissed by the Petitioners, would be inequitable.  The State simply had no part in the counterclaim.

5. Finally, in setting the amount of an attorney fee award, the State would ask this Court to consider its own ruling on the cross motions for summary judgment.  This Court held that Petitioners had not put the State on reasonable notice of a Fourteenth Amendment: Void-For-Vagueness claim.  The void-for-vagueness argument was the primary argument in Petitioners' Motion for Summary Judgment and Supporting Brief.  It would be inequitable to access fees and costs associated with this claim to the State.

**WHEREFORE**, the State respectfully resists Petitioners' Request for Attorney Fees and Expenses.

Respectfully submitted,

THOMAS J. MILLER
ATTORNEY GENERAL OF IOWA

/s/ Meghan Gavin
JEFFREY S. THOMPSON
Solicitor General of Iowa
MEGHAN GAVIN
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Bldg., 2nd Fl.
1305 East Walnut Street
Des Moines, Iowa 50319
Phone:  (515) 281-6858
Fax:  (515) 281-4209
Email: Jeffrey.Thompson@iowa.gov
Email: Meghan.Gavin@iowa.gov

All parties were served electronically.

**Proof of Service**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on the 5th day of January, 2015.

| ___ U.S. Mail | ___FAX |
| ___ Hand Delivery | ___Overnight Courier |
| ___ Federal Express | ___Other |
| _X_ Electronically | |

Signature: /s/ Lisa Wittmus